IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CRAIG JOSEPH JASPER,

    Plaintiff,

vs.

BAUGH, MCCUBBIN, KING VARLAND, FORT DODGE CORRECTIONAL FACILITY,

    Defendants.

No. C13-0048-LRR

ORDER

    The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The clerk's office filed such application on May 2, 2013. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

    In *Jasper v. Baugh*, Case No. 1:13-cv-00002-LRR (N.D. Iowa 2013), the court stated the following:

> In his application to proceed in forma pauperis, the plaintiff makes clear that he has $900.00 in a savings or checking account. That amount is more than sufficient to pay the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). It appears that the plaintiff's access to this court is not being blocked by his financial condition and he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case.[1] Because he has sufficient funds, the plaintiff must pay the required filing fee if he wants to commence a civil

---

[1] The plaintiff remarks that he does not think it is appropriate to assert a theory of negligence, he already sought relief under Iowa Code Chapter 669 and his tort claims did not survive as a result of Iowa Code section 669.4 and Iowa Code section 669.13.

action under 42 U.S.C. § 1983. Accordingly, the plaintiff's application to proceed in forma pauperis (docket no. 1) is denied and this action is dismissed without prejudice.

The plaintiff's current application to proceed in forma pauperis appears to be missing relevant information, including the reference to the part that says he is disclosing information under the penalty of perjury and a signature. *See* Fed. R. Civ. P. 11(a) (requiring signature). The clerk's office is directed to send the plaintiff AO Form 240. If he desires to pursue this action, the plaintiff is directed to complete such form and return it to the court by no later than August 22, 2013. Moreover, rather than pay the required filing fee as the court directed him to do on February 22, 2013, the plaintiff submitted another application to proceed in forma pauperis and did not reference the $900.00 that he previously stated that he had available to him in his savings or checking account. The court finds this troubling. Consequently, the plaintiff is directed to provide an additional statement to the court by no later than August 22, 2013. In such statement, the plaintiff is directed to disclose why he did not pay the filing fee as the court instructed him to do. He is also directed to disclose the name of the bank where he had deposited the $900.00. And, if he no longer has access to the $900.00, the plaintiff is directed to give a full accounting of where that amount of money went. He is also directed to provide to the court a detailed account statement from the Anamosa State Penitentiary's financial office by no later than August 22, 2013. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf.* L.R.

41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis and complaint pursuant to 42 U.S.C. § 1983.

**IT IS SO ORDERED**

**DATED** this 22nd day of July, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA